## General State Authority Building Designs

WOODSIDE, Attorney General, April 18, 1952.—We have before us your request for an opinion as to whether a conflict of jurisdiction exists between the Philadelphia Art Jury and the State Art Commission as to the approval of the design of buildings to be constructed by the General State Authority on land owned by the authority and situated within the City of Philadelphia.

You inform us that all of the architectural contracts of the General State Authority contain the following provision:

"Architect shall obtain all approvals of preliminary drawings of the following agencies: (1) Department of Labor and Industry, and (2) Department of Health to the extent these two Departments have jurisdiction;

(3) State Art Commission, as to design; (4) the Requesting Agency; and (5) Department of Property and Supplies, furnishing each agency, upon request, with one copy of such drawings."

You further state that the Philadelphia Art Jury is of the opinion that it, rather than the State Art Commission, should approve the design.

Turning our attention first to the provisions of the act creating the Philadelphia Art Jury, the Act of June 25, 1919, P. L. 581, we find in section 11(*e*) thereof, 53 PS §2945, the following:

". . . The approval of the jury shall also be required in respect to all structures or fixtures belonging to any person or corporation which shall be erected upon, or extend over, any highway, stream, lake, square, park, or other public place within the city, except as provided in this act. . . ."

It is by virtue of this section that the Philadelphia Art Jury seeks to exercise jurisdiction.

It is axiomatic that a statute is not presumed to deprive the State of any right or prerogative unless the intention to do so is clearly manifest either by express terms or necessary implication: Pennsylvania Turnpike Commission v. Smith et al., 350 Pa. 355, 363 (1944).[1] This principle was given specific application in Baker et al. v. Kirschnek et al., 317 Pa. 225 (1935), where a local act had prohibited the sale of liquor by any person in the Borough of Media. Nevertheless, the Supreme Court, on the basis of the rule of sovereign immunity, held that the prohibition did not apply to the Pennsylvania Liquor Control Board.

---

[1] See Culver v. Commonwealth, 348 Pa. 472 (1944); Commonwealth of Pennsylvania, State Employes' Retirement System v. Dauphin County et al., 335 Pa. 177 (1939); Pittsburgh v. Sterrett Subdistrict School, 204 Pa. 635 (1903); The County of Erie v. The City of Erie, 113 Pa. 360 (1886).

Nor does the fact that the General State Authority is an entity distinct from the State deprive it of the benefit of this presumption. Both Pennsylvania Turnpike Commission v. Smith et al., supra, and Baker et al. v. Kirschnek et al., supra, applied the rule to State instrumentalities engaged in purely proprietary functions. Indeed, the applicability of the presumption to the General State Authority itself was definitely established in Marianelli v. General State Authority, 354 Pa. 515, 516 (1946),[2] where the court stated that the Commonwealth is exempt from the provision of general statutes—". . . and that governmental agencies engaged as the Authority was, are likewise exempt: . . .".

It must follow, therefore, that the General State Authority, being a State agency, is not subject to the provisions of the Act of 1919, supra, and, accordingly, the Philadelphia Art Jury has no jurisdiction over structures erected by the authority.

However, the parties to the architectural contract for the building in question submitted themselves to the jurisdiction of the State Art Commission. Is this provision of the contract effectual?

There are several statutory provisions relative to the State Art Commission which we should consider in making this determination. The first is the Act of May 1, 1919, P. L. 103, 71 PS §§1671 et seq., creating the commission and vesting in it generally the authority to approve or disapprove the design and location of all public buildings. Section 8, however, 71 PS §1673, states that the provisions of the act should not apply to cities of the first and second class.

---

[2] This case involved the first General State Authority created by the Act of June 28, 1935, P. L. 452. The act establishing the present General State Authority, the Act of March 31, 1949, P. L. 372, as amended, 71 PS §1707.1, however, is not substantially different.

When The Administrative Code of April 9, 1929, P. L. 177, was enacted, sections 2408 and 2411 thereof, 71 PS §§638 and 641, supplemented the Act of May 1, 1919, P. L. 103, to provide that the State Art Commission should approve the exterior design of *all* structures erected under the supervision of the Department of Property and Supplies. In addition, section 2414 of The Administrative Code, supra, 71 PS §644, generally reëmbodied the provisions of the Act of May 1, 1919, P. L. 103, but required the commission to approve the design and proposed location of all public buildings regardless of whether they were to be built with State funds, except those within the cities of the first and second class.

We do not attempt by means of the foregoing to demonstrate that the State Art Commission has a statutory obligation to pass upon the design of all buildings erected by the General State Authority in Philadelphia. However, the above cited provisions do manifest that the State Art Commission does have the facilities to render this service.

Pursuant to the provisions of section 501 of The Administrative Code, supra, 71 PS §181, the various departments, boards and commissions of the State Government are authorized to coördinate their services. This section reads:

"The several administrative departments, and the several independent administrative and departmental administrative boards and commissions, shall devise a practical and working basis for cooperation and coordination of work, eliminating, duplicating, and overlapping of functions, and shall, so far as practical, cooperate with each other in the use of employes, land, buildings, quarters, facilities, and equipment. . . ."

While the General State Authority is not strictly

speaking a department, board or commission as set forth above, nevertheless, it is a State agency.[3]

In view of this, section 501 should afford adequate authority for the General State Authority to delegate to the State Art Commission in the interest of eliminating duplication of functions, the duty to pass upon the design of the building in question. Particularly is this true inasmuch as all the parties involved have contractually agreed to this procedure and inasmuch as the Philadelphia Art Jury, having no jurisdiction in the premises, has no standing to object.

We are of the opinion, and you are accordingly advised, that the State Art Commission, rather than the Philadelphia Art Jury, has the authority to pass upon the design of all buildings to be constructed by the General State Authority within the limits of the City of Philadelphia when such provision is made in the architectural contracts for the buildings involved.

---

[3] Marianelli v. General State Authority, supra.